UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAUDINE SISCA,

    Plaintiff,

v.

    Case No. 2:25-cv-139-KCD-DNF

CITY FURNITURE, INC., DAVID ROMAN,

    Defendants.
_____/

## **ORDER**

Before the Court is Defendants City Furniture, Inc. and David Roman's Partial Motion to Dismiss. (Doc. 18.)[1] Plaintiff Claudine Sisca responded (Doc. 25), making this matter ripe. For the reasons below, the motion is denied.

### **I. Background**

Plaintiff Claudine Sisca sues her former manager, Defendant David Roman, and her former employer, Defendant City Furniture, Inc. (Doc. 16 ¶¶1-3.) Sisca claims that after she had breast augmentation surgery, Roman hugged her while commenting "very nice." (*Id.* ¶ 13.) This allegedly occurred at work, during hours of operation, and as part of a team meeting. (*Id.* ¶¶ 14, 19-20.) According to the operative complaint, Roman then hugged Sisca at every meeting following the surgery. (*Id.* ¶¶ 14, 19-20.) Other employees,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and subsequent citations.

meanwhile, were greeted with a fist bump. (*Id.* ¶ 19.) Sisca alleges that these hugs made her feel "very uneasy and uncomfortable." (*Id.* ¶ 20.)

Sisca was later fired from City Furniture, and she now sues for: hostile work environment sex discrimination under Title VII (Count I); hostile work environment sex discrimination under the Florida Civil Rights Act (Count II); retaliation under Title VII (Count III); retaliation under the Florida Civil Rights Act (Count IV); and battery under Florida law (Count V). (Doc. 16.) Defendants move to dismiss counts I, II, and V. (Doc. 18 at 2.)

## II. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), an action must be dismissed if the complaint fails "to state a claim upon which relief can be granted." *Id.* In assessing a motion to dismiss, conclusory allegations are disregarded, and the remaining facts are viewed in the light most favorable to the nonmoving party. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint is sufficient if what remains "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## III. Discussion

Defendants first argue that Sisca's discrimination claims (Counts I and II) fail because "[s]he has not identified any similarly situated individuals that were treated more favorably." (Doc. 18 at 5.) Defendants also note that she does

not tie the alleged discrimination to any adverse employment action, which precludes her claims. (*Id.* at 6.)

The problem with these arguments is simple—Sisca is not required to allege adverse employment action or a comparator under the claims brought. Counts I and II allege that City Furniture violated Title VII and its state law counterpart by "permitting a sexually hostile environment to exist which was both severe and pervasive." (Doc. 16 ¶ 53.) "A hostile work environment claim . . . is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002); *see also Kent v. City of Birmingham*, No. 2:18-CV-00734-JHE, 2019 WL 1505413, at *3 (N.D. Ala. Apr. 5, 2019) (rejecting argument that the plaintiff "must name a similarly-situated comparator" because he was "asserting a hostile work environment claim").

Defendants also accuse Sisca of improperly "coming[ling]" claims. (Doc. 18 at 7.) As they see it, Counts I and II allege two forms of discrimination: disparate treatment and hostile work environment. (*Id.* at 6-7.) To be sure, "claims for hostile work environment and for discrimination based on disparate treatment are distinct claims [that] must be pleaded separately." *Long v. City of Orlando*, No. 6:20-CV-254-WWB-EJK, 2021 WL 2226606, at *2 (M.D. Fla.

June 2, 2021). But that is not what we have here. Sisca is suing for "a sexually hostile environment," and nothing more. (Doc. 25 at 2.)

With no other arguments contesting the adequacy of Sisca's hostile work environment claims, Counts I and II must proceed.

Turning to the battery claim (Count V), City Furniture does not dispute that Sisca was battered. Rather, it argues that the complaint fails to demonstrate any basis for employer liability. (Doc. 18 at 7.) An employer is directly liable "for the intentional torts of its employees where the employer either directed the wrongful acts or ratified the conduct afterward." *Haq v. United Airlines, Inc.*, No. 93-2248-CIV-MARCUS, 1996 WL 426814, at *5 (S.D. Fla. Apr. 16, 1996).

Nothing in the complaint suggests (let alone alleges) that City Furniture directed Roman to hug Sisca. (Doc. 16.) Nor are there facts to show ratification. To proceed on a ratification theory, the employer must "have full knowledge, at the time of the ratification, of all material facts and circumstances relating to the unauthorized act or transaction." *G & M Restaurants Corp. v. Tropical Music Serv., Inc.*, 161 So. 2d 556, 558 (Fla. Dist. Ct. App. 1964). There must also be an intention to ratify the employee's conduct "manifested in some way." *Id.* Although Sisca claims that City Furniture ratified the tortious conduct, there are no ultimate facts pled to meet the necessary elements. (*See* Doc. 16.)

The Court agrees that Sisca has failed to allege direct liability against City Furniture.

An employer can also be held vicariously liable for employee conduct. *Haq*, 1996 WL 426814, at *5. Employers are vicariously liable for intentional torts if they are committed while the employee is "acting within the scope of his employment." *W. Union Tel. Co. v. Thomas*, 139 Fla. 474, 475 (1939). "The conduct of an employee is within the scope of his employment . . . only if (1) the conduct is of the kind he was employed to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master." *Sussman v. Fla. E. Coast Properties, Inc.*, 557 So. 2d 74, 75-76 (Fla. Dist. Ct. App. 1990). "The purpose of the employee's act, rather than the method of performance thereof, is said to be the important consideration." *Hennagan v. Dep't of Highway Safety & Motor Vehicles*, 467 So. 2d 748, 751 (Fla. Dist. Ct. App. 1985). The issue turns on "the motive" of the employee and whether the purpose of the conduct was at all in furtherance of the employer's interest. *Martin v. United Sec. Servs., Inc.*, 373 So. 2d 720, 721 (Fla. Dist. Ct. App. 1979).

Turning back to the facts here, the alleged battery coincided with a team meeting where the manager physically greeted all employees. Considered in context, the hugs could be deemed an overzealous and distasteful attempt to

build team rapport. (Doc. 16 ¶ 3.) We must take the facts in the light most favorable to Sisca. Against that backdrop, it is plausible that Roman was motivated by City Furniture's interest in managing employees and workplace morale. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 757 (1998) ("There are instances, of course, where a supervisor engages in unlawful discrimination with the purpose, mistaken or otherwise, to serve the employer.").

While the ultimate facts may prove otherwise, at this stage the Court must accept that Roman's alleged conduct was within his scope of employment because it occurred during work, and he could have been motivated by the interests of City Furniture. *See, e.g., Sparks v. Jay's A.C. & Refrigeration, Inc.*, 971 F. Supp. 1433, 1440 (M.D. Fla. 1997). Consequently, Sisca's battery claim also survives.

Defendants have not shown that Counts I, II, or V are insufficiently pled or fail as a matter of law. Accordingly, their motion to dismiss these claims (Doc. 18) is **DENIED**.

**ORDERED** in Fort Myers, Florida on October 2, 2025.

Kyle C. Dudek
United States District Judge